DeMOSS, Circuit Judge,
specially concurring:
This case presents a classic federalism issue. In my view there is no area of law more “truly local” in nature and effect than state workers’ compensation law. See United States v. Lopez, 514 U.S. 549, 568, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995). I am disappointed, therefore, that I was unable to persuade my colleagues on this panel to certify to the Supreme Court of Mississippi the same narrow question presented to us on interlocutory appeal.
The district judge read the controlling Mississippi statute and relevant Mississippi cases and concluded, contrary to our instant holding, that the alleged injury is not compensable under the MWCA, given the competing Miller and Pittman lines of Mississippi cases. This disagreement on a foundation of fluid Mississippi law, especially in a case where multiple injured parties have, filed multiple claims in both state and federal courts, weighs heavily in favor of certification to the Supreme Court of Mississippi. While we may not compel the Supreme Court of Mississippi to accept a certification of the question, the possibility that the Mississippi Court would refuse should not counsel against our submission. Had we certified the question and the Supreme Court of Mississippi declined to accept, we would have no alternative but to offer our “Erie guess”; but if the Supreme Court of Mississippi had accepted and answered the question certified, the parties in this ease and the parties in the several other law suits involving other victims of this same tragic and unusual case of workplace violence would have the definitive answer from the highest court in the state that enacted the controlling statute.
I do concur in the well-reasoned and - written opinion authored by Judge Wiener as our best guess of what the Supreme Court of Mississippi would conclude if the question were actually before it. I simply think we should have provided the opportunity to get the answer directly from the truly final authority.